# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Marvin Ogman, | : | CIVIL ACTION NO. 3:10-CV-1342 |
|---|---|---|
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, WARDEN, | : | |
| FCI ALLENWOOD, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On June 28, 2010, Petitioner, Marvin Ogman, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania, filed the instant 5-page typed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (**Doc. 1**). Petitioner attached exhibits to his Habeas Petition, Exhibits A-E. Named as sole Respondent is David Ebbert, the Warden at FCI-Allenwood. (**Doc. 1**).[1] The Habeas Petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). See *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008

---

[1] Petitioner named the correct Respondent since he is presently confined at FCI-Allenwood and Ebbert is the Warden at this prison. See 28 U.S.C. § 2242 and § 2243. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. See *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

1

WL 4541945 (M.D. Pa.).[2]

As discussed below, in consideration of well-settled case law, we will recommend that this Habeas Petition be dismissed without prejudice since Petitioner readily admits on the face of his Habeas Petition (Doc. 1, pg. 2) and since his exhibits show that he has failed to fully exhaust his administrative remedies available through the Bureau of Prisons ("BOP"). *See Lacy-Thompson v. Martinez*, 2009 WL 4823875 (M.D. Pa.); *Drummond v. Martinez*, 2009 WL 3241851 (M.D. Pa.); *D'Alfonso v. Martinez*, 2009 WL 3182970 (M.D. Pa.); *Ross v. Martinez*, 2009 WL 4573686 (M.D. Pa.); *McCooey v. Martinez*, 2010 WL 411744, *3(M.D. Pa.); and *Malvestuto v. Martinez*, 2009 WL 2876883 (M.D. Pa.).

## II. Claims of Habeas Petition.

In his Habeas Petition, Petitioner Ogman claims that the BOP violated the Second Chance Act[3] ("SCA") and 42 U.S.C. §17541 when it failed to create incentives for prisoner participation in its skills development programs. (Doc. 1). Petitioner asserts that the SCA along with 42 U.S.C. § 17541 requires the BOP to consider an inmate's participation in such

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3]The Second Chance Act of 2007 ("SCA"), codified at 18 U.S.C. §§ 3621, *et seq.*, was signed into law on April 9, 2008. The Act increases the duration of pre-release replacement in an RRC from six (6) to twelve (12) months and requires the BOP to make an individualized determination that ensures the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c). *See Malvestuto v. Martinez*, 2009 WL 2876883, *1 (M.D. Pa. 2009); *Ross v. Martinez*, 2009 WL 4573686 (M.D. Pa.).

2

programs when recommending an inmate for time in a residential reentry center (RRC)[4].

Petitioner acknowledges that the BOP has discretion to decide the duration of an inmate's RRC placement. Instead, he argues that the BOP must exercise its discretion according to Congressional guidance under 42 U.S.C. § 17541. Relevant to Petitioner's claims 42 U.S.C. § 17541 states:

> (a) In general
>
> The Attorney General, in coordination with the Director of the Bureau of Prisons, shall, subject to the availability of appropriations, conduct the following activities to establish a Federal prisoner reentry initiative:
>
>> (1) The establishment of a Federal prisoner reentry strategy to help prepare prisoners for release and successful reintegration into the community, including, at a minimum, that the Bureau of Prisons--
>>
>>> (G) provide incentives for prisoner participation in skills development programs.

Petitioner argues that "incentives" for participation include the maximum allowable RRC placement time, i.e. 12 months. See 18 U.S.C. 3624(c). He claims that had the BOP followed Congressional guidance and considered his participation in the skills development programs[5] he would have merited the maximum 12 month RRC placement time. Petitioner states that his placement in an RRC should have begun on May 11, 2010. According to

---

[4] A halfway house is now referred to as an RRC. See Bunn v. Angelini, 2008 WL 648450, *1, n. 1 (M.D. Pa.).

[5] Petitioner has completed two skills development programs. 1) the Parenting Program, Levels 1 and 2; 2) the 10-hour Occupational Safety and Health Administration Training Course. (Doc. 1, Exhibit A).

Petitioner 's Exhibits, Petitioner 's BOP Unit Team has recommended Petitioner for a 150-180 day RRC placement. (Doc. 1, Exhibits B & D).

Prior to filing this Habeas Petition, on January 26, 2010, Petitioner filed an administrative remedy request to the Warden seeking a 12-month placement in an RRC. (Doc. 1, Ex. A). His request was denied by Warden Ebbert and Petitioner appealed to the BOP Regional Director. On March 26, 201, the BOP Regional Director denied Petitioner 's grievance appeal. (Id., Ex. B). Petitioner then filed an administrative remedy appeal to the BOP Central Office. Petitioner's initial appeal to the BOP Central Office was returned to him by a Rejection Notice dated May 10, 2010, after Petitioner failed to attach a copy of the Regional Director's response to his administrative remedy request. (Id., Ex. C). Petitioner then timely resubmitted his appeal to the BOP Central Office on May 24, 2010. (Id.). It is clear from Petitioner 's own exhibits that his resubmitted appeal to the BOP Central Office for immediate RRC placement is currently pending. Petitioner avers that even though he has not fully exhausted his BOP administrative remedies, he should be excused from doing so since he contends that if he is made to wait for the BOP Central Office to decide his appeal he will suffer "irreparable harm" because his 12-month placement time in the RRC should have started in May 11, 2010. (Doc. 1, p. 3). Thus, Petitioner requests this Court to grant his Habeas Petition and order his immediate placement in an RRC. (Id., p. 5).

We find that this Court has repeatedly held in similar cases to Petitioner Ogman's that such habeas petitions should be dismissed without prejudice for failure of the inmates to fully exhaust BOP administrative remedies.

## III. Discussion.

This Court has jurisdiction over Petitioner's claim asserted in his Habeas Petition. As the Court stated in *Krueger v. Martinez*, 665 F. Supp. 2d 477, 482 (M.D. Pa.), "[t]he Third Circuit has also found §2241 to be the appropriate means for challenging a decision to exclude an inmate from release to an RRC." (Citation omitted)[6]; *Mangiardi v. BOP*, 2009 WL 4544747, *3 (M.D. Pa.); *Ahmad v. Martinez*, 2009 WL 2957790, *1 (M.D. Pa.); and *McCooey v. Martinez*, 2010 WL 411744, *2 (M.D. Pa.)("§2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC.")(citation omitted). In *Wires v. Bledsoe*, 2010 WL 427769, *5 (M.D. Pa.), the Court stated:

> For the purpose of successfully preparing prisoners for reintegration with society-at-large, the BOP must assess each prisoner's skills, create a skill development plan to address each prisoner's deficiencies, and provide incentives for prisoners who participate in skill development programs. See §§ 17541(a)(1) (A)-(G). The BOP has the discretion to give a full twelve-month RRC placement as an incentive. *Id.* at (a)(2)(A). Section 17541(a) (1)(D) requires that the BOP give priority to the reentry needs of high-risk prison populations, such as career criminals, in establishing its overall reentry strategy.

We find that it is undisputed that Petitioner Ogman has failed to fully exhaust his administrative remedies with the BOP, and we will recommend that his Habeas Petition be dismissed without prejudice.

As Petitioner appears to recognize, federal prisoners are required to exhaust their

---

[6]In *Krueger v. Martinez*, Petitioner Krueger raised essentially the same claim as Petitioner Ogman. However, Petitioner Krueger exhausted his BOP administrative remedies. 665 F. Supp. 2d at 479, n. 1.

administrative remedies before petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*). If a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice. *Moscato*, 98 F.3d at 761 (citing *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986)). Here, Petitioner Ogman admittedly has not exhausted his administrative remedies and he has an administrative remedy appeal currently pending with the to the BOP Central Office. However, Petitioner argues that it is futile for him to exhaust his administrative remedies due to time constraints because he claims he was eligible for RRC placement since May 11, 2010.

Petitioners in *Malvestuto v. Martinez*, 2009 WL 2876883 (M.D. Pa September 1, 2009), *Lacy-Thompson v. Martinez*, 2009 WL 4823875 (M.D. Pa.), *Drummond v. Martinez*, 2009 WL 3241851 (M.D. Pa.), *D'Alfonso v. Martinez*, 2009 WL 3182970 (M.D. Pa.), *Ross v. Martinez*, 2009 WL 4573686 (M.D. Pa.), and *McCooey v. Martinez*, 2010 WL 411744, presented arguments similar to Petitioner Ogman's futility argument in the instant matter. In *Malvestuto*, the Petitioner sought an order to compel the Respondent to reconsider his release for pre-release custody into an RRC for the last twelve (12) months of his sentence. *Id*. The Petitioner admitted that he failed to exhaust his administrative remedies but argued that if he were required to do so, he would be prejudiced due to a time constraint. *Id*. The *Malvestuto* Court disagreed and dismissed the petition, stressing that exhaustion of administrative

remedies was required:

> The habeas statute upon which petitioner relies to challenge the timing of his pre-release placement, 28 U.S.C. 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (quoting 28 U.S.C. §§ 2241(a) (and (c)(3)). The United States Court of Appeals for the Third Circuit has concluded that section 2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC. See *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir.2005).
>
> Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir.1981) (per curiam)); e.g., *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir.2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir.1996) (citations omitted).

*Malvestuto*, 2009 WL 2876883 at *2; *McCooey v. Martinez*, 2010 WL 411744, *2.

The *Malvestuto* Court then outlined the procedure utilized by federal inmates which was established by the BOP and set forth at 28 C.F.R. §§ 542.10-542.19, stating:

> Pursuant to this protocol, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. See § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. See *id*. An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. See § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP. See § 542.15. A BOP decision is not final-and thus not reviewable-until relief has been denied by the General Counsel's Office. *Id*.

*Malvestuto*, 2009 WL 2876883 at *2.

As discussed above, an appeal to the BOP General Counsel (Central Office Appeal) is the final administrative appeal. See *Malvestuto*, 2009 WL 2876883 at *2. In the instant matter, Petitioner Ogman acknowledges that he timely resubmitted an appeal to the General Counsel's Office and that his appeal is still pending. As such, Petitioner Ogana has not yet exhausted his administrative remedies and we will recommend that his Habeas Petition be dismissed without prejudice.

Petitioner Ogman argues that should he be required to fully exhaust his administrative remedies before seeking habeas relief, he would be prejudiced due to time constraints, namely, that his "May 11, 2010 RRC projected date had passed." (Doc. 1, p. 3). As stated, this Court has consistently rejected such futility arguments in *Lacy-Thompson v. Martinez*, 2009 WL 4823875 (M.D. Pa.), *Drummond v. Martinez*, 2009 WL 3241851 (M.D. Pa.), *D'Alfonso v. Martinez*, 2009 WL 3182970 (M.D. Pa.), *McCooey v. Martinez*, 2010 WL 411744, *2, *Ross v. Martinez*, 2009 WL 4573686 (M.D. Pa.), *McCooey v. Martinez*, 2010 WL 411744, *Pearson v. Ebbert*, 10-CV-646 (M.D. Pa. 2010).

The *Malvestuto* Court also stressed the importance of utilizing the administrative remedy process and dismissed the habeas petition, stating, "[e]xhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before the twelve (12) month pre-release mark, which is simply a statutory maximum and not a mandate." 2009 WL 2876883 at *3. Also, as

8

stated, the record is clear that Petitioner 's Unit Team "considered [Petitioner Ogman's] indivdual situation and transitional needs pursuant to the [BOP PS 7310.04] criteria" and "based on this review, [Petitioner was] recommended for a 150-180 day RRC placement." (Doc. 1, Ex. B). Thus, Petitioner was denied the maximum 12-month placement in an RRC. (Doc. 1, Ex. B). This issue "goes to the result in Petitioner 's individual case and therefore requires exhaustion." *Ahmad v. Martinez*, 2009 WL 2957790, *2.

Since it is not disputed that Petitioner Ogman has failed to exhaust his administrative remedies and that the BOP has denied him the maximum 12-month placement in an RRC after considering his individual situation, we will recommend that his Habeas Petition be dismissed without prejudice. *Malvestuto* at *4; *McCooey v. Martinez*, 2010 WL 411744, *4.

## IV. Recommendation.

Based upon the foregoing, it is respectfully recommended that Petitioner Ogman's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed without prejudice.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: July 2, 2010

9

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated July, 2010.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: July 1, 2010

10