# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN OGMAN, | : | No. 3:10cv1342 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| DAVID J. EBBERT, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are petitioner's objections to the report and recommendation of Magistrate Judge Thomas M. Blewitt, which proposes that the court dismiss the instant petition for a writ of habeas corpus without prejudice for failure to exhaust administrative remedies.

**Background**

On June 28, 2010, Marvin Ogman, an inmate at the United States Prison in Allenwood, Pennsylvania, filed the instant petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241. (See Petition for Writ of Habeas Corpus (Doc. 1) (hereinafter "Petition")). Petitioner contends that he is currently serving a 95-month sentence for drug-related charges. (Id.). He is scheduled for release on May 11, 2011. (Id.). Beginning in January 2010, petitioner sought from the Bureau of Prisons consideration for a twelve-month placement in a Residential Reentry Center ("RRC") pursuant to the Second Chance Act, 18 U.S.C. § 3624(c). (Id.). When the

prison did not respond to his initial request, petitioner on January 17, 2010 filed an Informal Resolution Form with the prison requesting an "adequate response." (Id.). On January 26, 2010, petitioner requested an administrative remedy from the prison's warden, Respondent David Ebbert. (Id.). Warden Ebbert responded by denying petitioner's request. (Id.). Petitioner appealed this decision to the Regional Director for the Bureau of Prisons, who denied his request. (Id.). On April 16, 2010, petitioner appealed to the Central Office, which initially denied his request for failure to submit paperwork. (Id.). This denial was without prejudice, and petitioner resubmitted his claim. (Id.). Petitioner then filed the instant action, alleging that the prison had violated the Second Chance Act by failing to provide incentives for prisoners to participate in skills development programs. (Id.). Included among these required incentives, petitioner claims, is a statutory mandate to consider prisoners for early placement in residential reentry centers. (Id.). Petitioner alleges that his rights were violated because the prison does not properly provide that incentive. He seeks immediate placement in an RRC program.

Magistrate Judge Blewitt provided the petition with an initial screening pursuant to Rule 4 or the Rules Governing Section 2254 Cases in the U.S. District Courts. Judge Blewitt concluded that petitioner had failed to exhaust his administrative remedies as required under settled law in this Circuit. He therefore recommended that the case be dismissed without prejudice. Petitioner filed objections to this report and recommendation, as well as a motion for a preliminary

2

injunction, bringing the case to its present posture.

**Jurisdiction**

Because petitioner filed his action pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

When dealing with objections to a magistrate judge's report and recommendation, a district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(c). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The magistrate judge concluded that petitioner's claim should be dismissed without prejudice for failure to exhaust administrative remedies. Under federal law, "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1993). The exhaustion requirement exists for three reasons: "(1) allowing the appropriate agency to develop

a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62. This rule applies unless a petitioner can demonstrate that exhaustion "is futile." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, concurring). Futility can occur when administrative review will not meet any of the goals of the exhaustion doctrine. Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

Since the magistrate judge issued his recommendation and the petitioner filed his objections, the petitioner has informed the court that the Bureau of Prisons has notified him that his appeal could be considered denied if he did not receive an opinion stating otherwise within forty days of filing the appeal. (See Exh. B to Motion to Amend/Correct (Doc. 8)). The Bureau's letter, dated June 30, 2010 informed petitioner that a response to his appeal was due on July 11, 2010, and petitioner relates that he has received no such response. (See Exh. A to Motion to Amend/Correct). As such, the court concludes that petitioner's appeal has been denied, and that he has therefore exhausted his administrative remedies.

The report and recommendation proposed that the case be dismissed without prejudice for failure to exhaust administrative remedies. Since those remedies have now been exhausted, the court cannot adopt the report and recommendation. Instead, the court will remand the case to the magistrate judge to address the issues

4

raised in the petition in relation to the Second Chance Act, as well as the motion for a preliminary injunction recently filed by the petitioner.

**Conclusion**

For the reasons stated above, the court will not adopt the report and recommendation, which proposes dismissing the action without prejudice. Instead, the court will order the case remanded to Magistrate Judge Blewitt for proceedings consistent with this opinion.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN OGMAN, | : | No. 3:10cv1342 |
|     Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| DAVID J. EBBERT, | : | |
|     Respondent | : | |

## ORDER

**AND NOW**, to wit, this 20th day of July 2010, the petitioner's objections to the report and recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 5) are hereby **SUSTAINED**. The report and recommendation is not adopted, and the Clerk of Court is directed to **REMAND** the case to Magistrate Judge Blewitt for proceedings consistent with this opinion.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **UNITED STATES DISTRICT COURT**