**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARVIN OGMAN,** | : | **CIVIL ACTION NO. 3:10-CV-01342** |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **DAVID J. EBBERT,** | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

**I.    Procedural Background**.

On June 28, 2010, the Petitioner, Marvin Ogman filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Currently, the Petitioner is incarcerated at the Federal Correctional Institution in Allenwood, White Deer, Pennsylvania ("USP Allenwood"). He correctly names as Respondent the Warden of USP Allenwood, David J. Ebbert. (Doc. 1).

On July 2, 2010, the Court issued a Report and Recommendation recommending that the petition be dismissed on account of the Petitioner's failure to exhaust his administrative remedies.[1] (Doc. 4).

On July 15, 2010, the Petitioner filed a Motion to Amend or Correct the Petition for Writ of Habeas Corpus. (Doc. 8). On July 20, 2010, the Court issued an Order declining to adopt the Report and Recommendation because the Petitioner had shown that he exhausted his administrative remedies. (Doc. 9).

On July 22, 2010, the Court denied the Motion to Amend as moot and directed the Respondent to file a Response to the Habeas Petition. (Doc. 10). The Respondent filed a

---

[1] A prisoner's habeas petition should be dismissed if he fails to exhaust available administrative remedies. *See Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986). Although exhaustion is not required by statute under §2241, the Third Circuit has consistently applied an exhaustion requirement to claims brought under § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 759 (3d Cir. 1996).

Response to the Habeas Petition and attached exhibits on August 10, 2010. (Doc. 13). The Petitioner filed a Traverse on August 20, 2010. (Doc. 16).

Also, on August 20, 2010, the Petitioner filed a Motion for Summary Judgment and Preliminary Injunction. (Doc. 15). On August 23, 2010, the Respondent filed a Supplemental Response Addressing the Petitioner's Motion for a Preliminary Injunction. (Doc. 19). On August 31, 2010, the Petitioner filed a Reply. (Doc. 21).

By way of background, the Petitioner was sentenced on December 29, 2005, to 95 months in prison on drug related offenses. (Doc. 13, Ex. A). His projected release date is May 17, 2011, *via* good conduct time release. (Doc. 13, Ex. A). The Petitioner currently has been approved for a six month RRC placement in Waterbury, Connecticut which will go into effect on November 24, 2010. (Doc. 13, Ex. A at ¶ 14).

For the reasons set forth below, it is recommended that the Petition for Habeas Corpus (Doc. 1) and, Petitioner 's Motion for Summary Judgment and Preliminary Injunction (Doc. 15) be denied.

**II. Claims of Habeas Petition.**

The Petitioner claims that he was not properly considered for placement in a Residential Re-entry Center ("RRC") because the Bureau of Prisons ("BOP") failed to adequately consider his program participation. (Doc. 1). The Petitioner also argues that the Second Chance Act ("SCA") requires the creation of an incentive program to encourage inmates to partake in skills development programs in exchange for extended RRC placement. (Docs. 15, 18).

The Respondent argues that the Court should deny the Habeas Petition because the Petitioner was properly considered for RRC placement and is not entitled to placement in an RRC longer than the 180 days he was afforded. (Doc. 13). Moreover, the Respondent argues that the Petitioner's Motion for Summary Judgment and Preliminary Injunction should be denied because the relief the Petitioner seeks in that filing (Doc. 15) cannot be sought *via* a

habeas petition, because creation of incentive awards is not mandated by the Second Chance Act, and because the Petitioner has not met the requisite elements to obtain a preliminary injunction. (Doc. 19).

**III. Discussion.**

*A. The BOP gave the Petitioner proper RRC consideration and his Petition for Habeas Corpus should be denied*

Title 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaugh*, 251 F.3d 480, 485 (3d. Cir. 2001)(quoting 28 U.S.C. §§ 2241(a) and (c)(2)). A habeas petition pursuant to 28 U.S.C. § 2241 is the appropriate way to challenge BOP regulations (including placement in a community correction center or halfway house) because what is at issue is the "execution" of the prisoner's sentence and not the "conditions" of his confinement. *See Woodall v. Federal Bureau of Prisons*, 432 F.235, 241-44 (3d Cir. 2005).

RRC assignments are governed by 18 U.S.C. § 3621(b) and § 3624(c)(1), as amended by the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008. Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP has the authority to determine an inmate's placement. Section 3621(b) gives the BOP the authority to determine the location of an inmates imprisonment, while Section 3624 bestows upon the BOP the obligation of preparing prisoners for re-entry into the community by placing them in community confinement. *See Woodall*, 432 F.3d at 239.

In *Wires v. Bledsoe*, 2010 WL 427769, *4 (M.D. Pa. 2010), the Court stated:

The Second Chance Act (Pub.L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692) re-wrote the pre-release custody placement statute, 18 U.S.C. § 3624(c)(1), by increasing the maximum period of RRC placement from six to twelve months. Moreover, it requires the BOP to issue regulations ensuring that RRC placement decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the

> duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

When considering an individual's eligibility for pre-release placement in an RRC, the factors which are to be considered by the BOP as required by § 3621(b) as follows:

> The Bureau of Prisons shall designate the place of the prisoner' imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering:
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The Petitioner cites *Krueger v. Martinez*, 665 F. Supp.2d 477 (M.D. Pa. 2009), in support of his petition and claims that he was not properly considered for placement in an RRC. The *Krueger* Court granted habeas relief, and ordered the BOP to consider the Petitioner inmate for a full 12 month RRC placement as an incentive for his participation in skills development program, separate from the statutorily required individualized determination. *Id*. *See also Strong v. Schultz*, 599 F. Supp.2d 556 (D. N.J. 2009).

However, since the Court's holding in *Krueger*, the majority of courts have held that the BOP's requirement of Regional Director Approval and the agency's stated view that many inmates can have their needs met through 180 day RRC placements do not violate the Second Chance Act. *See Collins v. Martinez,* 2010 WL 4272923 (M.D. Pa. October 25, 2010); *Berlin v. Bledsoe,* 2010 WL 3528571 (M.D. Pa. September 8, 2010); *Ramos v. Holt*, 2010 WL 2471707 (M.D. Pa. May 5, 2010); *McDonald v. Obama*, 2010 WL 1526443 (M.D.

Pa. March 14, 2010); and *Wires v. Bledsoe*, 2010 WL 427769 (M.D. Pa. February 3, 2010). We agree with this majority view and the finding that BOP retains full discretion in identifying when and how inmates are placed at RRCs and, the finding that 180 day RRC placements do not violate the Act.

It is evident from the record in the instant matter that the Petitioner's unit team considered the five factors as required by § 3621(b) and that their proposed recommendation meets the requirements in *Woodall*, the Second Chance Act, 18 U.S.C. § 3621(c), as amended, and Program Statement 7310.04.  The Petitioner's unit team reviewed his file under the statutory factors on January 12, 2010, and recommended that Petitioner be placed in an RRC for 150 to 180 days. (Doc. 13, Ex. A at ¶¶ 9-10 and Attach. 4).  This recommendation was approved by the Warden. (*Id*.).  The unit team took into consideration that the Petitioner secured a residency with his parents, he secured employment, he attended college, he maintained a clear disciplinary record while incarcerated, he was not indigent and, he had a support system at home. (Doc. 13, Ex. A at ¶ 11).  The unit team took into account the fact that the Petitioner had a judicial recommendation for drug treatment programming and successfully completed a drug education course on September 20, 2006. (Doc. 13, Ex. A at ¶ 12).  It also considered that Petitioner withdrew from the non-residential drug program on June 25, 2007. (*Id.*).  The fact that the Petitioner completed a limited number of programming classes was taken into consideration and was a factor in determining his RRC placement. (Doc. 13, Ex. A at ¶ 13).  In addition, on January 12, 2010, the unit team gave further reconsideration to the Petitioner's request when it reconsidered his planned six month RRC placement.

The Petitioner fails to explain why he requires more than the 180 days of RRC placement.  While the Petitioner is dissatisfied with his six month RRC placement, the BOP is not required to give him a full 12 month placement. *See Ramos v. Holt*, 2010 WL 2505908, *3 (M.D. Pa. June 16, 2010)("Even if requests for RRC Placement for a period of

time greater than six months must be approved by a regional director, such a requirement does not mean that the BOP is barred from exercising its discretion concerning RRC placement. The BOP is free to, and in fact authorized by Congress to, exercise its discretion and place inmates in RRCs for up to twelve months.).

Thus, we believe that the BOP's decision as to the Petitioner's 180 days of RRC placement was one based on individual consideration and, based on the factors of § 3621(b) and the Second Chance Act, in accordance with all that the law requires.

The Petitioner also argues that the BOP has no statutorily mandated program to provide incentives for an inmate's participation in skills development programs. (Docs. 1, 15, 18). He also claims that he is entitled to an incentive to participate in skills development programs. As the Respondent notes, in addition to increasing the maximum duration of RRC placements to 12 months, the SCA created the Federal Prisoner Re-entry Initiative, 42 U.S.C. § 17541, which requires the BOP to provide incentives for prisoner participation in skills development programs. However, the SCA merely suggests that the Director of the BOP implement incentives for a prisoner who participates in reentry and skill development programs which may, at the discretion of the Director, include:

> (A) the maximum allowable period in a community confinement facility; and
>
> (B) such other incentives as the Director considers appropriate (not included a reduction of the term of imprisonment.)

42 U.S.C. §§ 17541(a)(2)(A) & (B).

The Court addressed the Second Chance Act's incentive provision in *Wires v. Bledsoe*, 2010 WL 427769, *4, stating:

> The Second Chance Act also created 42 U.S.C. § 17541 which requires that the BOP establish a "prisoner reentry strategy"-including incentives for "participation in skills development programs." 42 U.S.C. §§ 17541(a)(1), (a)(1)(G). One suggested incentive for prisoners who complete skills development programs is "the maximum allowable period in a community confinement facility[.]" Id. at (a)(2)(A). Subsection (a)(1)(D) directs the BOP to give priority to the reentry needs of "high-risk populations, such as ... career criminals[.]"

In *Krueger*, the Court held that the BOP had failed to establish an incentive program rewarding a prisoner's participation in skills development programs as required by 42 U.S.C. § 17541. 665 F. Supp.2d at 485. As stated above, we believe that the assessment and recommendation for RRC placement still meets the requirements of the law, even in light of the *Krueger* decision. The Respondent point outs that unlike *Krueger*, the Petitioner here has only taken a 10 hour OSHA training class, two parenting classes, a drug education course which was a judicial recommendation and a pre-release participation program, which is assigned to all inmates who are being released from incarceration. (Doc. Ex. A and Attach 5). In addition, the Petitioner has secured residency with his parents and employment.

Therefore, we will recommend that Petitioner 's Habeas Petition (Doc. 1) be denied

*B. The Petitioner's Motion for Summary Judgment and Preliminary Injunction should be denied*

Lastly, as stated, the Petitioner filed a Motion for a Preliminary Injunction. Plaintiff alleges that he suffered irreparable harm because the Second Chance Act requires creation of an incentive program to encourage inmates to partake in skills development programs in exchange for an extended RRC placement. He asks this Court to issue a preliminary injunction to direct the BOP to create such a program. (Doc. 5) . We agree with the Respondent that the Petitioner's claim regarding the absence of an incentive program in violation of the Second Chance Act is not a cognizable habeas claim under 28 U.S.C. § 2241 and is subject to dismissal. The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973); *Queen v. Miner*, C.A. No. 08-1049 (3d Cir. 2-29-08), slip op. p. 3, n. 3 (Per Curiam) ("challenge that affects fact or duration of confinement must be brought in habeas petition")(citing *Preiser, supra*.).

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

Thus, the Plaintiff's claim that no incentive program exists for inmates to participate in the skills development programs to obtain longer RRC placements does not challenge his conviction or the very fact or duration of his physical imprisonment. It also does not relate to his release or speedier release from imprisonment. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005) and *Preiser v. Rodriguez*, *supra*.

Furthermore, the Petitioner has failed to establish that he is entitled to a preliminary injunction to compel his consideration for placement in an RRC. "A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir.1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id*. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.1995).

Here, the Plaintiff has failed to establish the elements which would entitle him to the grant of a preliminary injunction. First, we have discussed above why the Petitioner is unlikely to succeed on the merits of his habeas claims and, we will recommend that his petition for habeas relief be denied. Second, the Petitioner is unable to show he will suffer irreparable harm. To show irreparable harm, a Petitioner must demonstrate a clear showing of immediate, irreparable injury; an injunction may not be used to eliminate the possibility

of a remote future injury. *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir.1994). Here, as discussed above, the Petitioner has already secured a residence as well as employment. Petitioner has been approved for a six month RRC placement in Waterbury, Connecticut which will soon go into effect on November 24, 2010. (Doc. 13, Ex. A at ¶ 14). Moreover, the record shows that he has attended college and has a strong support system. Thus, we agree with the BOP's individualized determination that six months in an RRC is more than enough time to provide for the Petitioner's successful re-entry into the community and, we find that Petitioner has failed to show any immediate, irreparable injury.

Therefore, we will recommend that the Petitioner's Motion for Summary Judgment and Preliminary Injunction (Doc. 15) be denied.

### VI.     Recommendation.

Based upon the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** be DENIED and, that the Petitioner's Motion for Summary Judgment and Preliminary Injunction **(Doc. 15)** be DENIED.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Date: November 12 , 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARVIN OGMAN,** | : | **CIVIL ACTION NO. 3:10-CV-01342** |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **DAVID J. EBBERT,** | : | |
| Respondent. | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 12, 2010.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
THOMAS M. BLEWITT
United States Magistrate Judge

**Dated: November 12, 2010**