# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN OGMAN, | : | No. 3:10cv1342 |
| Petitioner | : | |
| | : | (Judge Munley) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| DAVID J. EBBERT, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court are petitioner's objections to the report and recommendation of Magistrate Judge Thomas M. Blewitt, which proposes that the court dismiss the instant petition for a writ of habeas corpus and deny the petitioner's motion for a preliminary injunction.

**Background**

On June 28, 2010, Marvin Ogman, an inmate at the United States Prison in Allenwood, Pennsylvania, filed the instant petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241. (See Petition for Writ of Habeas Corpus (Doc. 1) (hereinafter "Petition")). Petitioner contends that he is currently serving a 95-month sentence for drug-related charges. (Id.). He is scheduled for release on May 11, 2011. (Id.). Beginning in January 2010, petitioner sought from the Bureau of Prisons consideration for a twelve-month placement in a Residential Reentry Center ("RRC") pursuant to the Second Chance Act, 18 U.S.C. § 3624(c). (Id.). When the

prison did not respond to his initial request, petitioner on January 17, 2010 filed an Informal Resolution Form with the prison requesting an "adequate response." (Id.). On January 26, 2010, petitioner requested an administrative remedy from the prison's warden, Respondent David Ebbert. (Id.). Warden Ebbert responded by denying petitioner's request. (Id.). Petitioner appealed this decision to the Regional Director for the Bureau of Prisons, who denied his request. (Id.). On April 16, 2010, petitioner appealed to the Central Office, which initially denied his request for failure to submit paperwork. (Id.). This denial was without prejudice, and petitioner resubmitted his claim. (Id.). Petitioner then filed the instant action, alleging that the prison had violated the Second Chance Act by failing to provide incentives for prisoners to participate in skills development programs. (Id.). Included among these required incentives, petitioner claims, is a statutory mandate to consider prisoners for early placement in residential reentry centers. (Id.). Petitioner alleges that his rights were violated because the prison does not properly provide that incentive. He seeks immediate placement in an RRC program.

Magistrate Judge Blewitt provided the petition with an initial screening pursuant to Rule 4 or the Rules Governing Section 2254 Cases in the U.S. District Courts. Judge Blewitt concluded that petitioner had failed to exhaust his administrative remedies as required under settled law in this Circuit. He therefore recommended that the case be dismissed without prejudice. Petitioner filed objections to this report and recommendation, as well as a motion for a preliminary

2

injunction. Petitioner provided the court with evidence that he had exhausted his administrative remedies, and this court therefore declined to adopt the report and recommendation. Instead, the court remanded the case to the magistrate judge. Respondent then filed a response to the petition and petitioner filed a motion for summary judgment. After the parties briefed these issues, the magistrate judge issued a report and recommendation proposing that petitioner's case be dismissed. Petitioner then filed objections, bringing the case to its present posture.

**Jurisdiction**

Because petitioner filed his action pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

When dealing with objections to a magistrate judge's report and recommendation, a district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(c). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. When no objections to portions of the report and recommendation have been filed, the court must determine whether a review of

3

the record evidences plain error or manifest injustice.  See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).  Here, the petitioner has objected to the magistrate judge's recommendation that the petition for a writ of habeas corpus be dismissed, but has not objected to the recommendation that the motion for a preliminary injunction be denied.

**Discussion**

**Petition for Writ of Habeas Corpus**

The magistrate judge recommended that the petition for a writ of habeas corpus be denied.  The court rejected petitioner's argument that respondent had failed to give him proper consideration for a twelve-month placement in an RRC under the Second Chance Act, 18 U.S.C. § 3621(c).  After considering the factors required by the statute, the magistrate judge found, the Bureau had properly concluded that petitioner could best benefit from a 150 to 180 day term in an RRC.  The magistrate judge noted that while plaintiff may have been eligible for up to twelve months in an RRC, nothing in the statute requires a term of that length.  The court also rejected petitioner's argument that the Bureau unlawfully failed to provide him with an incentive to participate in prison skills-development programs.  Nothing in the statute mandating such incentives, 42 U.S.C. § 17541, the court found,

4

requires the prison to provide an extended stay in an RRC as an incentive for participation in a skills program.

Petitioner raises a single objection to this finding. He apparently does not disagree with the conclusion that the Bureau considered the five factors contained in Section 3261(c) in evaluating the conditions for his release. The court agrees that no clear error or manifest injustice exists in this finding. Petitioner insists, however, that the magistrate judge failed to address his claim that the Bureau of Prisons did not meet the statutory requirements of 42 U.S.C. § 17541 to establish incentives for participation in skills development programs. Petitioner maintains that the Bureau of Prisons has not established such programs and therefore has failed to give him an opportunity to benefit from any incentives connected to them, which could include a reduction of one year in his sentence.[1]

The magistrate judge did address this claim about the absence of incentive programs, finding that such claims are not properly the subject of a habeas corpus petition brought pursuant to 42 U.S.C. § 2441. The magistrate judge found that petitioner's claim challenged the conditions of his confinement, not the fact or length of his custody, and thus should have been brought pursuant to 42 U.S.C. § 1983.

---

[1] Petitioner appears to mis-read the statute on this point. The statute provides that "[t] Attorney General, in coordination with the Director of the Bureau of Prisons, shall, subject to the availability of appropriations, conduct the following activities to establish a Federal prison reentry initiative: . . . (2) Incentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director, include–(A) the maximum allowable period in a community confinement facility; and (B) such other incentives as the Director considers appropriate (*not including a reduction of the term of imprisonment*). 42 U.S.C. § 17541(a)(2)(A-B) (emphasis added).

5

The Third Circuit Court of Appeals has emphasized that "whenever the challenge ultimately attacks the 'core of habeas'–the validity of the continued conviction or the fact or length of the sentence–a challenge . . . must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). In this case, the challenge is to the Bureau's of Prison's implementation of Section 17541; petitioner argues that no incentive program has been established as mandated by the statute. That challenge is not to the fact or length of petitioner's confinement, but to the conditions of that confinement. Plaintiff's remedy if the Bureau has failed to establish those policies would be the presence of incentive programs. The statute allows considerable discretion to the Bureau on what incentives can be provided, but those incentives cannot include a reduction in the length of a sentence. As such, petitioner's claim regarding the presentence incentive programs is not properly before the court.[2] The court will

---

[2]In any case, there is no requirement that the incentives include a twelve-month placement in an RRC for prisoners who participate in skills-development programs. The statute provides for "[i]ncentives for a prisoner who participates in reentry and skills development programs which *may, at the discretion of the Director*, include–(A) the maximum allowable period in a community confinement facility." 42 U.S.C. 17541(a)(2)(A) (emphasis added). Twelve months in an RRC is therefore not a statutory requirement, but an example of an incentive that the Director of the Bureau of Prisons could choose to provide. The language of the statute is permissive, not mandatory. Participation in skill-development programs, therefore, does not convey a right to twelve months in an RRC.

6

adopt the report and recommendation on this point.[3]

**Petitioner's Motions**

The petitioner has not objected to the magistrate judge's recommendation that the court dismiss his motion for a preliminary injunction and his motion for summary judgment. After careful review, the court concludes that this recommendation does not represent manifest injustice or clear error of law. As such, the court will adopt the report and recommendation and deny the petitioner's motions for a preliminary injunction and summary judgment.

**Conclusion**

For the reasons stated above, the court will dismiss the petitioner's objections to the report and recommendation. The court will adopt the report and recommendation and deny the petition for a writ of habeas corpus. The court will also deny the petitioner's motion for a preliminary injunction and motion for summary judgment. An appropriate order follows.

---

[3] Petitioner's claim is also probably moot at this point. He seeks a twelve-month placement in an RRC. He is scheduled to be released in May, 2011 and has already begun his term in the RRC. As such, the court could not provide the relief he requests.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARVIN OGMAN,** | : | No. 3:10cv1342 |
|       **Petitioner** | : | |
| | : | (Judge Munley) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
|   v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
|       **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 29th day of November 2010, the petitioner's objections (Doc. 24) to the report and recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 22) are hereby **OVERRULED**. The report and recommendation is **ADOPTED**. The petitioner's motion for a preliminary injunction (Doc. 5) is hereby **DENIED**. The petitioner's motion for summary judgment (Doc. 15) is hereby **DENIED**. The Clerk of Court is directed to **CLOSE** the case.

                                             **BY THE COURT:**

                                             **s/ James M. Munley**
                                             **JUDGE JAMES M. MUNLEY
                                             UNITED STATES DISTRICT COURT**